WINSLETT STUDNICKY MCCORMICK & BOMSER LLP
Joshua G. Graubart, Of Counsel
6 E. 39th Street, 6th Floor
New York, NY  10016
(646) 781-9321
jgraubart@wsmblaw.com
*Attorneys for Plaintiff*

IN UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN M. WEISS, an individual,<br><br>Plaintiff,<br><br>- against -<br><br>KBR FUND, L.P., a Delaware limited partnership, KBR SAG HARBOR, LLC, a Delaware limited liability company, KBR MANAGEMENT, LLC, a Delaware limited liability company, and VINAY KUMAR, an individual,<br><br>Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiff Kevin M. Weiss, residing at 4 Fuller Lane, Marblehead, Massachusetts, by his attorneys Winslett Studnicky McCormick & Bomser LLP, for his Complaint against Defendants KBR Fund, L.P., KBR Management, LLC, KBR Sag Harbor, LLC, and Vinay Kumar, each of whom, on information and belief, maintains a business address at 255 Shoreline Drive, Suite 428, Redwood City, California, alleges as follows:

**NATURE OF DISPUTE**

1.      This is a civil action in which Plaintiff seeks damages from this Court for Defendant KBR Sag Harbor, LLC's breach of its obligations under a promissory note (the "Note," a true and correct copy of which is appended hereto as Exhibit 1) dated

December 19, 2008, which was acknowledged and guaranteed by the other Defendants.[1] Full repayment under the Note was due in December 2009; despite repeated promises by Defendants to repay according to several revised schedules, only a portion of the interest due under the Note has been repaid.  Plaintiff therefore seeks payment from Defendants under the guaranty contract (the "Guaranty," a true and correct copy of which is appended hereto as Exhibit 2) signed by Defendants KBR Fund, L.P. and Vinay Kumar.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Kevin M. Weiss ("Weiss") is a resident of Massachusetts.

3. Defendant KBR Fund, L.P ("KBRF") is a limited partnership organized under the laws of Delaware.

4. Defendant KBR Management, LLC is a limited liability company organized under the laws of Delaware, and on information and belief is the general partner of Defendant KBRF.

5. Defendant KBR Sag Harbor, LLC  ("KBR SH") is a limited liability company organized under the laws of Delaware.  At the time the Note and Guaranty were executed, KBR SH maintained a primary business address at 70 Hudson Street, Suite 4A, Hoboken, New Jersey.  (Note at 1.)

6. Defendant Vinay Kumar ("Kumar") is, on information and belief, a resident of California.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U. S. C. § 1332(a)(1).  Plaintiff is a citizen of Massachusetts; Kumar, on information and belief, is a citizen of California; and all other Defendants are Delaware-registered entities.

---

[1] Here as elsewhere in this Complaint, Defendant KBR Management, LLC did not act in its own name but as the general partner of Defendant KBR Fund, L.P., and as such bears liability for the acts of KBR Fund, L.P.

8.      Defendants have sufficient contacts with this District in connection with the events alleged in this Complaint such that each Defendant is subject to this Court's exercise of personal jurisdiction over them.  Further, the parties have agreed that the state and federal courts of New Jersey shall have jurisdiction over any dispute arising under the Note.  (Note at 2.)

9.      Venue is proper pursuant to 28 U.S.C. § l391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS

10.     On or about December 19, 2008, Defendant KBR SH borrowed the sum of $150,000 from Plaintiff.  Using the funds borrowed from Plaintiff, and presumably from other creditors, KBR SH intended to – and ultimately did – purchase a hotel property located at 31 Water Street, Sag Harbor, New York.

11.     In connection with this loan and on the same date, KBR SH executed, and the other Defendants endorsed, the Note in favor of Plaintiff.  The Note specifies that interest on the loan was to be paid each month, at a rate of 20% per annum, and the entire amount of the principal and interest together was to be fully repaid by the first anniversary of the loan (that is, December 19, 2009).  (Note at 1.)

12.     Contemporaneously with the Note, Defendants KBRF and Kumar executed the Guaranty in favor of Plaintiff.  Under the Guaranty, Defendants KBRF and Kumar agreed, in the event of KBR SH's default, unconditionally to pay Lender, on demand, "all sums due and owing on the [l]oan, including all interest, charges, fees and other sums, costs and expenses."  (Guaranty ¶ 1.)  Defendants KBRF and Kumar are jointly and severally liable, and the Guaranty specifies that time is of the essence in its performance.  (Guaranty ¶ 19.)

13. While KBR SH made interest-only payments with some consistency during 2009 (though frequently late and in at least on case not at all), KBR SH failed to repay the full principal and interest due on the first anniversary of the loan. This failure – and, indeed, its previous delinquency – constituted events of default under the Note. In the event of default, Plaintiff lender is entitled to accelerate the maturity of the Note and demand immediate payment of all outstanding principal, interest, and other charges and costs. (Note at 1, 2.)

14. Nevertheless, Plaintiff, in consultation with Defendants, forbore to so accelerate the Note, or to exercise its options under the Guaranty. Defendant KBR SH made sporadic interest payments through 2010 and 2011; it made one last interest payment in February 2012.

15. However, KBR SH has (i) failed to make any payment since February 2012, (ii) failed to pay back any of the loan principal, and (iii) accrued unpaid interest – as of May 1, 2013 – of $57,616.44, bringing the total debt as of that date to $207,616.44. Accordingly, Plaintiff has, as of no later than April 19, 2013, demanded immediate repayment of all outstanding principal and interest from Defendants, who have refused to make such payment. (See April 19, 2013 letter from Weiss's counsel to Defendants KBRF and Kumar, a true and correct copy of which is appended hereto as Exhibit 3.)

16. Under the Note, which is signed by all Defendants,[2] "THE PARTIES AGREE TO THE JURISDICTION OF THE FEDERAL AND STATE COURTS LOCATED IN NEW JERSEY IN CONNECTION WITH ANY MATTER ARISING HEREUNDER." (Note at 2) (emphasis in original). Both the Note and the Guaranty provide that their interpretation shall be governed by the law of New Jersey. (Note at 2; Guaranty ¶ 15.)

---

[2] Once again, except KBR Management, LLC, which is bound by its acts as the general partner of KBRF.

17.     Further, under both the Note and the Guaranty, the parties agreed that "[i]f the Lender [Plaintiff] declares acceleration, Borrower [KBR SH] will pay for the Lender's costs of collection including a reasonable attorney's fee" (Note at 2) and "[i]f any lawsuit … is commenced which arises out of, or which relates to this Guaranty … or the Loan, the prevailing party shall be entitled to recover from each other party such sums as the court … may adjudge to be reasonable attorneys' fees … in addition to costs and expenses otherwise allowed by law."  (Guaranty ¶ 16.)

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)
### (Against Defendant KBR SH)

18.     Plaintiff repeats and realleges each and every fact contained within the above paragraphs.

19.     Under the terms of the Note, KBR SH agreed to repay to Plaintiff the sum of $150,000, plus all accrued interest at 20% per annum, as of December 19, 2009.

20.     The Note provides that "the nonpayment when due of any amount payable under this Note" shall be an "Event of Default."  Should an Event of Default occur, the Plaintiff is entitled "to accelerate the maturity of this Note and demand immediate payment of all outstanding principal, accrued interest and any other charges or costs allowed" under the Note or the Guaranty.

21.     Defendant KBR SH missed scheduled payments as early as February 2009 and continued increasingly to miss payments thereafter.  Contrary to the terms of the Note, full repayment was not made on December 19, 2009, and KBR SH has not made any payment since February 2012.

22.     Consequently, Plaintiff was entitled to, and did, demand full repayment by Defendant KBR SH.  Plaintiff has received no payment since the issuance of that demand.

23.     Therefore, Defendant KBR SH is in breach of the Note.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)
### (Against Defendants KBRF, KBR Management, LLC and Kumar)

24.     Plaintiff repeats and realleges each and every fact contained within the above paragraphs.

25.     Under the terms of the Guaranty, Defendants KBRF and Kumar guaranteed the prompt payment when due of all obligations due under the Note, including all interest, charges, fee and other sums, costs and expenses.

26.     As described above, Defendant KBR SH is in default under the Note, and owes Plaintiff, as of May 1, 2013, the sum of $207,616.44.  Plaintiff has demanded immediate payment by Defendants KBRF and Kumar; these Defendants have refused to make such immediate payment.

27.     Consequently, Defendants KBRF and Kumar have breached the Guaranty, and KBR Management, LLC is liable as general partner of KBRF.

   WHEREFORE, Plaintiff demands judgment as follows:

   a. That Defendants repay the full amount of the principal due under the Note, which is $150,000;

   b. That Defendants repay the full amount of unpaid interest due under the Note, which as of May 1, 2013 totaled $57,616.44 (Plaintiff reserves the right to supplement this figure as interest continues to accrue over time);

   c. That Defendants repay Plaintiff's attorney's fees incurred in prosecuting this action, as provided by the Note and the Guaranty;

    d. That Defendants repay Plaintiff's other costs incurred in prosecuting this action as provided by the Note and the Guaranty; and

    e. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 6, 2013

                                WINSLETT STUDNICKY MCCORMICK & BOMSER LLP

                                _____
                                Joshua G. Graubart
                                DNJ Bar No. JG9062

                                6 E. 39th Street, 6th Floor
                                New York, NY  10016
                                (646) 781-9321
                                jgraubart@wsmblaw.com
                                *Attorneys for Plaintiff*